**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 2, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41656
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL J. GUTIERREZ, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-454-1
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Manuel J. Gutierrez, III, appeals from the denial of a motion
to suppress following his conviction for conspiracy to possess and
possession with intent to distribute more than 100 kilograms but
less than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§
841(a)(1), 841(b)(1)(B), and 846. Gutierrez argues that the Border
Patrol Agents lacked reasonable suspicion to stop the vehicle that
he was driving.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity. United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975). In determining whether a reasonable suspicion exists, the courts must look to the totality of the circumstances surrounding the stop. United States v. Espinosa-Alvarado, 302 F.3d 304, 306 (5th Cir.), cert. denied, 123 S. Ct. 706 (2002). Consideration of the relevant factors, viewed in the totality of the circumstances and in the light most favorable to the Government, indicates that the district court committed no error in concluding that there was reasonable suspicion for the stop. United States v. Jacquinot, 258 F.3d 423, 427-28 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002).

AFFIRMED.